WILLIAM L. BECKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Becker v. Commissioner
Docket No. 8498-80.
United States Tax Court
T.C. Memo 1983-94; 1983 Tax Ct. Memo LEXIS 695; 45 T.C.M. (CCH) 764; T.C.M. (RIA) 83094; February 10, 1983. William L. Becker, pro se. Thomas G. Norman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1976 and 1977 in the amounts of $2,578 and $2,884, respectively. The only issue for decision is whether petitioner is entitled to an educational expense deduction under section 162 [1] for the cost of a flight-training course for which he received *696 nontaxable reimbursement from the Veterans' Administration. All of the facts have been stipulated and are found accordingly. Petitioner resided in Franklin Lakes, New Jersey at the time that he filed his petition in this case. He timely filed Federal income tax returns for 1976 and 1977. During 1976 and 1977 petitiner was employed as a DC-9 pilot for Eastern Airlines. During those years he took a course entitled "Lear jet flight training" from Midwest Aviation, Elyria, Ohio. Tuition and fees for the course amounted to $12,250. Petitioner paid $6,150 of this amount in 1976 and the remaining $6,100 in 1977. Because of previous military service, petitioner applied for and received from the Veterans' Administration an educational assistance allowance equal to 90 percent of the cost incurred for the flight-training course. See 38 U.S.C. sec. 1677 (1976 & Supp. I 1977).Because such allowances are tax-exempt, see 38 U.S.C. sec. 3101(a) (1976), petitioner properly excluded *697 the amounts received from income. However, he deducted the amount paid for the course as an educational expense. In the notice of deficiency respondent disallowed that part of the expense [2] which was reimbursed by the Veterans' Administration. Respondent does not contend that the flight-training course was required in order for petitioner to meet the minimum educational requirements for qualification in his employment. Nor does he contend that the course was part of a program of study which would lead petitioner to qualify for a new trade or business. See section 1.162-5(b), Income Tax Regs. Rather, he contends that the deduction (to the extent disallowed) is allocable to tax-exempt income and is therefore nondeductible under section 265. Petitioner, on the other hand, makes what is essentially an estoppel argument. He contends that he relied on Rev. Rul. 62-213, 1962-2 C.B. 59, [3] in filing his 1976 and 1977 income tax returns and that it is unfair "to change the rules after the game has been played." *698 In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), we held that the deduction claimed by the taxpayer-veteran for reimbursed flight-training expenses was disallowed by section 265(1). [4] We further held that the Commissioner was not estopped from disallowing the deduction. Petitioner has presented to cogent reason why we should depart from these holdings. Although we can appreciate his frustration in having to prosecute this case after respondent's agents examined his returns and initially allowed him the deductions in question, we do not think that fact removes this case from Manocchio's scope. *699 To give effect to our conclusions, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all sectin references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. $5,535, or 90 percent of $6,150, in 1976. $5,490, or 90 percent of $6,100, in 1977.↩
3. The revenue ruling provides as follows: Benefit payments under any law administered by the Veterans' Administration shall be exempt from taxation. See 38 U.S.C. 3101 (1958 Edition). Section 1.162-5 of the Income Tax Regulations provides, in part, that expenditures made by a taxpayer for his education are deductible under certain conditions. Held, expenses for education, paid or incurred by veterans, which are properly deductible for Federal income tax purposes, are not required to be reduced by the nontaxable payments received during the taxable year from the Veterans' Administration. In 1980 respondent issued Rev. Rul. 80-173, 1980-2 C.B. 60, which purported to "distinguish and clarify" Rev. Rul. 62-213. The more recent revenue ruling announced that flight-training expenses for which the veteran is reimbursed under 38 U.S.C. sec. 1677 are not deductible because "the taxpayer suffers no economic detriment and incurs no expense in making the expenditure to the extent of the reimbursement." Respondent has recently issued Rev. Rul. 83-3, I.R.B. No. 1983-1, 10, wherein Rev. Rul. 62-213↩ has been revoked.
4. That section provides as follows: SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME. No deduction shall be allowed for-- (1) EXPENSES.--Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.↩